UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Austin Kirby, | ) C/A No. 3:08-43-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Kathleen J. Hodges; | ) |
| Clay T. Allen; and | ) |
| Spartanburg County Public Defenders Office, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is currently incarcerated at the Spartanburg County Detention Center, awaiting trial on undisclosed criminal charges. It appears that Plaintiff has been incarcerated there for almost a full year, but that he has only been able to meet with his court-appointed public defender, Defendant Hodges, once in that entire time. He alleges that correspondence to Defendant Hodges and to the administrator at the Spartanburg County Public Defenders' Office, Defendant Allen, has gone un-responded to, and that no attempt for his court-appointed counsel to meet with him about his case has been made. Plaintiff seeks injunctive relief and compensatory damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim for damages under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights,

---

[2] There is no basis for considering this case under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, evident from the face of the pleading, *see* discussion *infra*, thus, Plaintiff's Complaint is being considered under this Court's federal question jurisdiction, 28 U.S.C. § 1331, pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). None of the named Defendants, all of whom are associated with the Spartanburg County Public Defender's Office, has acted under color of state law in connection with Plaintiff's court-appointed legal representation or his continued confinement. As a result, Plaintiff's Complaint fails to state a viable § 1983 claim against any Defendant because he cannot show under any construction of the facts that that: *(1)* the Defendant(s) deprived him of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It is well settled in the law that a criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which, as stated previoulsy, is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Plaintiff's allegations possibly state a legal malpractice claim, but not a claim for constitutional violations, against Defendants. Legal malpractice is a state-law-based cause of action, *see*, *e.g.*, *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991), and, as such, this Court could only consider such claims under its diversity of citizenship jurisdiction. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-

3

91 (D.S.C. 1992). Since Plaintiff and all Defendants appear to be South Carolina residents, there is no basis for the exercise of diversity jurisdiction in this case. *See M & I Heat Transfer Prods, Ltd. v. Willke*, 131 F. Supp. 2d 256, 260 (D. Mass. 2001). In absence of either federal question or diversity jurisdiction over Plaintiff's claims against Defendants, this case is subject to summary dismissal.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

January 15, 2008
Columbia, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).